IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Antoinette Brunson, ) | Case No. 1:24-cv-00036-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Aiken/Barnwell Counties Community ) | |
| Action Agency, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on a motion to dismiss filed by Defendant. [Doc. 5.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Shiva V. Hodges for pre-trial proceedings. On March 1, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendant's motion to dismiss be granted in part and denied in part. [Doc. 12.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 33.] On March 15 and April 12, 2024, the parties each filed partial objections to the Report. [Docs. 17; 21.] The parties filed replies on April 12 and April 26, 2024. [Docs. 22; 24.]

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## **BACKGROUND**

The Magistrate Judge provided an accurate and thorough recitation of the facts and, therefore, the Court includes only the factual information necessary to address Plaintiff's objections.

Plaintiff is a former employee of Defendant who alleges that she was terminated for failing to comply with Defendant's COVID-19 vaccine requirement. [Doc. 1-1 ¶¶ 11, 34.] Plaintiff alleges that in response to an official memo circulated by Defendant in advance of a potential 2022 vaccine protocol release, she submitted a letter on September 29, 2021, notifying Defendant that she was not vaccinated for COVID-19 and requesting a religious exemption for the COVID vaccine (the "September Letter"). [*Id*. ¶¶ 15–16; Doc. 5-3.] She subsequently submitted a second letter in support of her request for a religious exemption on October 19, 2021 (the "October Letter"). [Docs. 1-1 ¶ 19; 5-4.] Finally, on January 7, 2022, Plaintiff submitted an official religious-accommodation form, attaching her letters and an accommodation request (the "Form

2

and Request") [Docs. 1-1 ¶ 23; 5-5], but Defendant summarily denied her request and ultimately terminated her as a result of her not receiving the vaccine [Doc. 1-1 ¶¶ 28, 32–34].

In her Complaint, Plaintiff asserts three claims under Title VII of the Civil Rights Act of 1964 ("Title VII"): (1) failure to accommodate religious beliefs, (2) disparate treatment based on religion, and (3) retaliation. [Doc. 1-1 ¶¶ 38–66.] Defendant subsequently filed a motion to dismiss for failure to state a claim, attaching the September Letter, October Letter, and Form and Request. [Docs. 5; 5-3; 5-4; 5-5.]

## DISCUSSION

**The Report**

The Magistrate Judge concluded that Plaintiff failed to state a claim as to each cause of action, with the exception of Plaintiff's failure-to-accommodate claim based on her religious objection to the use of fetal cell lines in the production of the COVID-19 vaccine. [Doc. 12.]

The Magistrate Judge analyzed Plaintiff's failure-to-accommodate claim under a burden-shifting scheme similar to the one in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). [*Id.* at 15–16.] Under that scheme, Plaintiff first was required to establish a prima facie case by pleading: "'(1) [she] has a bona fide religious belief that conflicts with an employment requirement; (2) [she] informed the employer of this belief; [and] (3) [she] was disciplined for failure to comply with the conflicting employment requirement.'" [*Id.* at 15 (third alteration in original) (quoting *E.E.O.C. v. Firestone Fibers & Textiles Co.*, 515 F.3d 307, 312 (4th Cir. 2008).] As the Magistrate Judge noted, "[d]etermining whether a plaintiff has a 'bona fide religious belief' is a two-pronged inquiry: a court must determine

3

whether the employee's belief is 'religious' in nature, as opposed to social, political, or economic views or personal preferences, and whether that belief is 'sincerely held.'" [*Id.* at 16 (quoting *United States v. Seeger*, 380 U.S. 163, 185 (1965)).] The Magistrate Judge further noted that "[i]n determining whether an employee's beliefs are religious in nature, courts have analyzed whether the beliefs in question (1) 'address fundamental and ultimate questions having to do with deep and imponderable matters,' (2) are 'comprehensive in nature,' and (3) 'are accompanied by certain formal and external signs.'" [*Id.* (quoting *Ellison v. Inova Heath Care Servs.*, C/A No. 1:23-00132-MSN-LRV, 2023 WL 6038016, at *4 & n.6 (E.D. Va. Sept. 14, 2023).]

The Magistrate Judge considered the September Letter, October Letter, and Form and Request in evaluating Defendant's motion to dismiss because they were "'integral to and explicitly relied on in the complaint' and their authenticity is unchallenged." [*Id.* at 7 n.1 (quoting *Copeland v. Bieber*, 789 F.3d 484, 490 (4th Cir. 2015)).] Taking the allegations in the Complaint as true and considering the September Letter, October Letter, and Form and Request, the Magistrate Judge concluded that:

> "[Plaintiff's] proffered and primary reasons for refusing the COVID-19 vaccine are science-based. In her September Letter, Plaintiff objects to the vaccine as dangerous because it is new, formulated differently from previous vaccines, and insufficiently or ineffectively tested; that "we do not know the long-term consequences of the Covid Vaccine and we do not understand its long-term effects on our bodies"; that the vaccine "genetically modifies" a person's body; that the vaccine is not completely effective; and that the vaccine poses "unnecessary risks," arguing that she was aware of others who received the vaccine and had ["]severe or fatal reactions," including being placed on a ventilator, being diagnosed with Leukemia, experiencing kidney failure, and dying.
>
> Plaintiff's October Letter . . . also not[es] that "[t]he already controversial argument for science supporting the vaccine

4

> mandates weakens daily" and further argu[es] the superiority of natural immunity over vaccine immunity.

[*Id*. at 20–21 (footnote and internal citation omitted) (quoting Docs. 5-3; 5-4).] In the September Letter, Plaintiff asserted that her belief that she had a duty to avoid harming her body was based on her devout Christian religion. [Doc. 5-3.] Nevertheless, the Magistrate Judge concluded, after a review of case law, that when an employee's objection to a COVID-19 vaccine requirement is that the vaccine is harmful or ineffective, that objection is not based on a bona fide religious belief, but rather a concern of scientific fact. [Doc. 12 at 16–23.] The Magistrate Judge therefore recommends that Plaintiff's failure-to-accommodate claim be dismissed to the extent it is based on Plaintiff's body-as-a-temple[1] argument. [*Id*. at 16; 27–28.]

However, the Magistrate Judge provided that "[t]his conclusion is subject to one notable exception" [*id*. at 23–24], finding that Plaintiff had an additional reason for her objection to the COVID-19 vaccine:

> [D]uring the developmental phases of both the mRNA vaccines and the adenoviral vaccines, cells grown in a laboratory based on aborted fetal cells were used for testing and research purposes . . . . One of the most profound passages from God's Word states, Now the word of the Lord came to me, saying, Before I formed you in the womb, I knew you, and before you were born, I consecrated you; I appointed you a prophet to the nations. With His words, God is emphasizing the value of life in a mother's womb and the care and devotion He holds for the preborn. Using vaccinations that capitalize on the deaths of innocent babies for incentives, infringes upon the teachings of my Lord and sacred beliefs I hold dear.

---

[1] Claims in which the plaintiff asserts that she has the right to refuse the vaccine because the Bible requires Christians to treat their bodies as temples of the Holy Spirit that should not be defiled or harmed are typically referred to as "body-as-a-temple" claims. [*See* Doc. 12 at 17–19 (citing cases addressing body-as-a-temple claims).]

5

[Doc. 5-3 at 3 (internal quotation marks omitted).]  After reviewing applicable case law, the Magistrate Judge found that courts "have consistently and repeatedly held that allegations like those made by Plaintiff here are sufficient to state a claim under Title VII for failure to accommodate a religious belief," specifically because Plaintiff tied her fetal cell objection to her religious beliefs.  [Doc. 12 at 24–27.]  As such, the Magistrate Judge recommends that Plaintiff's failure-to-accommodate claim be allowed to proceed only as to Plaintiff's objection to fetal cell lines.  [*Id.* at 27–28.]

The Magistrate Judge also recommends that Plaintiff's disparate treatment claim be dismissed because she has not plausibly alleged that she was treated differently than other employees as a result of her religious beliefs.  [*Id.* at 29–30.]  Finally, the Magistrate Judge recommends that Plaintiff's retaliation claim be dismissed because she has not alleged that she was terminated for requesting a religious accommodation but rather has alleged that she was terminated for failing to comply with her employer's vaccine requirement.  [*Id.* at 31–32.]

**Plaintiff's Objections**

In her objections, Plaintiff challenges only the recommendation to dismiss the failure-to-accommodate claim.[2]  [Doc. 21 at 1 n.1, 7.]  Plaintiff argues that the Magistrate Judge applied an incorrect standard in determining whether Plaintiff plausibly alleged that she proffered a bona fide religious belief that conflicts with an employment requirement.

---

[2] Plaintiff states in her objections that she "does not make specific objections on her retaliation and disparate treatment claims."  [Doc. 21 at 1 n.1.]  Having reviewed the Report, the record in this case, and the applicable law regarding these two claims, the Court finds no clear error.  Thus, the Court accepts the Report with respect to those claims and incorporates those portions of the Report by reference.

[*Id.* at 8–16.] Plaintiff also contends that the Magistrate Judge wrongly characterized her entire religious accommodation request, except her concerns about fetal cell lines, as falling under the body-as-a-temple category, and wrongly concluded that she failed to adequately allege the first element of a prima facie case. [*Id.* at 16–21.] In making these arguments, Plaintiff suggests that the Magistrate Judge's analysis conflicts with the proposition that whether a belief is sincerely held is a jury question and she argues that the Magistrate Judge weighed the facts and drew inferences in favor of Defendant, which would be improper in resolving a motion to dismiss. [*Id.* at 15, 19–21.]

The Court overrules Plaintiff's objections. For the reasons outlined by the Magistrate Judge in the Report [Doc. 12 at 15–23], the Court disagrees with Plaintiff's arguments that the Magistrate Judge applied an incorrect standard, wrongly categorized the objections she communicated to Defendant as the basis of her accommodation request, weighed facts and drew inferences in Defendant's favor, and wrongly concluded that Plaintiff failed to plausibly allege a prima facie case. As in *Ellison v. Inova Health Care Services*, No. 1:23-00132-MSN-LRV, 2023 WL 6038016, at *5 (E.D. Va. Sept. 14, 2023), as well as in the numerous additional cases relied upon by the Magistrate Judge, although Plaintiff communicated to Defendant that her Christian religious beliefs compelled her to care for her body, her failure-to-accommodate claim fails as to this reason because her refusal to take the vaccine was based on her belief that the vaccine is unsafe and ineffective, not a bona fide religious belief.

The Court further disagrees with Plaintiff's argument that the Magistrate Judge's analysis conflicts with the proposition that whether a religious belief is sincerely held is a jury question. Because the Magistrate Judge concluded that Plaintiff did not plausibly

7

allege that the belief that she asserted in support of her request for accommodation was a religious belief within the meaning of the applicable test, she had no occasion to consider whether Plaintiff adequately alleged that her belief was sincerely held.

**Defendant's Objections**

Defendant challenges the Magistrate Judge's recommendation that its motion to dismiss should be denied as to Plaintiff's objection to fetal cell lines. [Doc. 17.] Defendant argues that "it was error for the Magistrate Judge to subdivide Plaintiff's stated reasons . . . when it is clear that the non-religious reasons predominate" and that "Plaintiff would have refused the vaccine for health and safety reasons, regardless of the fetal cell issue." [*Id*. at 4.] Defendant further argues that Plaintiff's objection regarding fetal cells is "based upon several potentially incorrect assumptions about factual matters which can be scientifically established," and because "her religious objection is based upon underlying scientifically provable information, she must present that information as a matter of pleading." [*Id.* at 5.]

The Court overrules Defendant's objections. As the Magistrate Judge noted, a prima facie case for failure to accommodate requires Plaintiff to plead (1) a bona fide religious belief that conflicts with an employment requirement, (2) that she informed her employer of the belief, and (3) that she was disciplined for failure to comply with the conflicting employment requirement. [Doc. 12 at 15.] The Court notes that Defendant's first argument—that Plaintiff's failure-to-accommodate claim based on her abortion-related objection fails because Plaintiff would have refused the vaccine for non-religious health and safety reasons regardless of the fetal cell issue—is presented for the first time in its objections to the Report. Additionally, the argument appears to add an additional

8

element to a plaintiff's prima facie case, and Defendant, in its conclusory argument, offers no legal basis for its position.³ The Court therefore declines to address this new argument at this stage. *See Floyd v. City of Spartanburg S.C.*, No. 7:20-cv-1305-TMC, 2022 WL 796819, at *9 (D.S.C. Mar. 16, 2022) ("[T]he court is not obligated to consider new arguments raised by a party for the first time in objections to the magistrate's report." (internal quotation marks omitted)); *Clayton v. Nationwide Mut. Ins. Co.*, 260 F. Supp. 3d 514, 521 (D.S.C. 2017) ("As a general rule, parties may not outsource their legal research to the court or otherwise foist upon it the necessary legwork to flesh out a legal claim or defense.").

Similarly, Defendant's argument that Plaintiff was required to provide the scientific basis for her belief about fetal cell lines is conclusory and not supported by any legal basis. The only two cases Defendant cites regarding the abortion-related objection reasoned that the plaintiffs failed to adequately tie their anti-abortion beliefs to their

---

³ The entirety of Defendant's argument on the point is as follows:

> The totality of Plaintiff's objections makes clear that, regardless of whether some aspect of the development of the vaccine involves a tenuous and distant connection to a single abortion that occurred 40 or 50 years ago, she still would have refused the vaccine for non-religious health, safety, personal, and political reasons. As the R&R correctly noted, "Plaintiff's primary and repeated arguments against the vaccine are focused on her distrust of the efficacy, safety, and necessity of the vaccine." ECF #12, p. 23. Respectfully, it was error for the Magistrate Judge to subdivide Plaintiff's stated reasons in this way when it is clear that the non-religious reasons predominate. If Plaintiff would have refused the vaccine for health and safety reasons, regardless of the fetal cell issue, then she has no claim for religious discrimination.

[Doc. 17 at 4.]

9

religious beliefs.  *See Kiel v. Mayo Clinic Health Sys. Se. Minn.*, 685 F. Supp. 3d 770, 783–84 (D. Minn. 2023) (holding that "[b]ecause [plaintiff] fail[ed] to tie her opposition to the vaccine to any particularized religious belief, the Court will dismiss her Title VII claim")[4]; *Jackson v. Tyson Foods, Inc.*, No. 5:23-cv-5102, 2023 WL 9097854, at *9 (W.D. Ark. Nov. 27, 2023) ("Because Plaintiffs fail to tie their concerns about the COVID vaccine to a religious belief, they have failed to state a plausible claim for relief under Title VII.").  Neither case ruled that the plaintiffs' claims failed because they did not identify adequate support for the facts underlying their religious objections.  *See Kiel*, 685 F. Supp. 3d at 783–84; *Jackson*, 2023 WL 9097854, at *9.  Here, Plaintiff has sufficiently tied her fetal cell line objection to her religious beliefs, stating in her accommodation requests:

> One of the most profound passages from God's Word states, Now the word of the Lord came to me, saying, Before I formed you in the womb, I knew you, and before you were born, I consecrated you; I appointed you a prophet to the nations.  With His words, God is emphasizing the value of life in a mother's womb and the care and devotion He holds for the preborn.  Using vaccinations that capitalize on the deaths of innocent babies for incentives, infringes upon the teachings of my Lord and sacred beliefs I hold dear.

[Doc. 5-3 at 3 (internal quotation marks omitted).]  Because Defendant has not provided a legal basis for its position that Plaintiff must also present the scientific basis or underlying factual support for her religious objection, *see Clayton*, 260 F. Supp. 3d at 521, and because the Court concludes that Plaintiff adequately pled that her fetal cell line

---

[4] This case was also recently reversed and remanded by the Eighth Circuit Court of Appeals, which held that "[t]he district court erred in finding that the plaintiffs failed to adequately connect their refusal of the vaccine with their religious beliefs." *Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894, 901 (8th Cir. 2024).  The Court emphasized that "[i]n analyzing a motion to dismiss, a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Id*. (internal quotation marks omitted).

objection was based on a sincerely held religious belief for the purposes of ruling on a motion to dismiss, the Court overrules Defendant's objection.

## **CONCLUSION**

In sum, the Court finds both parties' objections unavailing for the reasons discussed. Accordingly, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Thus, Defendant's motion to dismiss [Doc. 5] is GRANTED in part and DENIED in part. Defendant's motion to dismiss is granted as to all of Plaintiff's claims except her failure-to-accommodate claim to the extent it is based on her objection to fetal cell lines.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

August 6, 2024
Columbia, South Carolina